## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SANDY REMIGIO,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC; and<br>DOE 1-5, inclusive,<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT
**(Jury Trial Demanded)**

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.  This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged against Plaintiff while Plaintiff so resided.

### PARTIES

1

3.     Plaintiff, SANDY REMIGIO (hereinafter "Plaintiff" or "Ms. Remigio"), is a natural person residing in Shepherd, Texas.  Defendant, NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC (hereinafter "Defendant") is a California limited liability company believed to maintain its principle place of business at 3609 Bradshaw Rd., Suite H-229 in Sacramento, CA.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.     NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC and DOE 1-5 shall jointly be referred to herein as "Defendants".

6.     Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

**FACTUAL ALLEGATIONS**

7.     Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Ms. Remigio.

8.     On September 30, 2014, Defendants, called Ms. Remigio using a practice known as "caller-ID spoofing," which deliberately falsified the telephone number relayed as the caller-ID information to disguise the true source of their call and instead misrepresented the call as having come from the phone number of a person personally known to Ms. Remigio.  Due to the

familiar phone number having appeared on her called-ID, Ms. Remigio answered the call in which Defendants then identified themselves.

9. From early to mid-October 2014, Defendants called Ms. Remigio four additional times. On each occasion Defendants left a message requesting a return call without disclosing that Defendants are debt collectors or that the calls were being made in an attempt to collect a debt.

10. Increasingly harassed and concerned with Defendants' messages and alarmed by Defendants' use of caller-ID spoofing, Ms. Remigio retained counsel with Centennial Law Offices.

11. As a direct result of the collection activity herein alleged, Ms. Remigio has incurred legal fees of $1,455.00.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) with regards to Plaintiff as follows: In their messages to Plaintiff, Defendants failed to state that the communications were from a debt collector being made in an attempt to collect a debt.

### COUNT II

13. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and

herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e) with regards to Plaintiff as follows: Defendants' caller-ID spoofing constitutes a false, deceptive, or misleading representation or means in connection with the collection of a debt.

### COUNT III

14. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(f) with regards to Plaintiff as follows: Defendants' caller-ID spoofing constitutes an unfair or unconscionable means to collect or attempt to collect any debt

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $1,455.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Date:  April 2, 2015

s/Robert Amador
Robert Amador, Esq. (CA State Bar # 269168)
Attorney for Plaintiff SANDY REMIGIO
(Attorney-in-charge; Pro Hac Vice)
9452 Telephone Rd. 156
Ventura, CA. 93004
(888) 308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

5